**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    Case No.:    3:96-cr-20-TJC-PDB

STEVEN EUGENE PASSMORE

_____  /

**ORDER**

Defendant Steven Eugene Passmore is serving a 360-month prison sentence for conspiracy to distribute cocaine and cocaine base (Count One) and a concurrent 240-month prison sentence for money laundering (Count Two). (Doc. 139, Judgment.) He moves to reduce his sentence under Section 404 of the First Step Act, Pub. L. No. 115–391, 132 Stat. 5194 (2018). (Doc. 200, "First Step Act Motion.") The United States Probation Office advises that Defendant is eligible for a sentence reduction as to Count One. (Doc. 205, First Step Act Memorandum.) Likewise, the government concedes that Count One is a "covered offense" for which Defendant is eligible for a sentence reduction, but it urges the Court to deny a reduction for discretionary reasons. (Doc. 206, Response.) Although not granted leave to do so, see M.D. Fla. Local Rule 3.01(d), Defendant filed a reply. (Doc. 207, Reply.)

Long after Defendant was sentenced, Congress amended the penalties for crack cocaine offenses by increasing the amount of crack cocaine necessary to

1

trigger enhanced penalties under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (b)(1)(B)(iii). See Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, § 2. At first, those changes did not apply to anyone who was sentenced before August 3, 2010. See Dorsey v. United States, 567 U.S. 260, 264 (2012). But then came the First Step Act, which made the Fair Sentencing Act's "changes retroactive and gives certain crack offenders an opportunity to receive a reduced sentence." Terry v. United States, 141 S. Ct. 1858, 1860 (2021). The First Step Act authorizes a district court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time the covered offense was committed." First Step Act, § 404(b). A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act … that was committed before August 3, 2010." Id., § 404(a). Thus, a "covered offense" refers only to a crack-cocaine offense for which 21 U.S.C. §§ 841(b)(1)(A)(iii) or (b)(1)(B)(iii) provided the penalties. Terry, 141 S. Ct. at 1864; United States v. Jones, 962 F.3d 1290, 1300 (11th Cir. 2020). However, relief under the First Step Act is discretionary because "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c).

Defendant's 360-month sentence on Count One is eligible for modification under § 404(b). Although neither the Second Superseding Indictment nor the

Judgment specified the applicable penalty provision for Count One, the Plea Agreement referenced a sentencing range of 10-years-to-life (Doc. 117 ¶ A.2), consistent with an offense involving at least five kilograms of cocaine or at least 50 grams of crack cocaine under 21 U.S.C. § 841(b)(1)(A) (1997). The government concedes that the multidrug conspiracy here is a "covered offense" under the First Step Act. (Doc. 206 at 1, 4) (citing United States v. Taylor, 982 F.3d 1295, 1301 (11th Cir. 2020)).

That said, the Court declines to exercise its discretion to reduce the sentence. The Court recognizes the range of considerations that may inform its discretion, including subsequent changes in the law and Defendant's post-sentencing behavior. See Concepcion v. United States, 142 S. Ct. 2389, 2396 (2022). Upon considering all the facts and circumstances and the parties' arguments, the Court determines that a sentence reduction is unwarranted.

As the government points out, Count One remains punishable under § 841(b)(1)(A) because Defendant admitted to conspiring to distribute at least five kilograms of powder cocaine under his guilty plea. (See Doc. 206 at 3; see also Doc. 205 at ECF p. 2; Doc. 117 at ECF pp. 15–17.) Consistent with his Plea Agreement (Doc. 117 ¶ A.5), the PSR held Defendant accountable for between 50 and 150 kilograms of cocaine and the Court determined his sentencing guidelines range accordingly, see PSR ¶ 19; (Doc. 205 at ECF p. 5, Statement of

Reasons.) Defendant's 360-month sentence still falls within the current guidelines range of 292-to-365 months. (See Doc. 205 at ECF p. 3.)

Additionally, the 18 U.S.C. § 3553(a) factors, to the extent they apply, weigh against reducing Defendant's sentence. The circumstances of the offense were serious. Besides conspiring to distribute large amounts of cocaine over nearly a decade, he rammed an occupied law enforcement vehicle with his pickup truck while fleeing arrest. PSR ¶ 13. After he escaped, Defendant was a fugitive for more than a year, living under a different name and continuing to distribute cocaine. Id. ¶ 14. And Defendant has a substantial criminal history, which includes prior convictions for possession of a short-barreled shotgun, aggravated assault, possession of crack cocaine, carrying a concealed weapon, resisting an officer without violence (twice), and domestic battery. Id. ¶¶ 28–33. Defendant's post-sentencing record does not encourage a finding of rehabilitation either: between 2010 and 2015, he incurred nine disciplinary infractions, including for refusing a work/program assignment, criminal mail abuse, possessing an unauthorized item, and fighting another person. (Doc. 206-1, BOP Disciplinary Record.) Contrary to Defendant's description of his prison disciplinary record as "extremely minor" (Doc. 207 ¶ 7), Defendant incurred a new felony conviction from behind bars for filing, attempting to file, and conspiring to file a false lien against a United States District Judge and an Assistant United States Attorney, for which he was sentenced to an additional

4

63 months in prison. United States v. Passmore, No. 4:09-cr-50-SPM-AK (N.D. Fla.), Dkt. 1 (Indictment), Dkt. 67 (Judgment). Under these circumstances, a sentence reduction is not warranted.

Defendant also argues that "the sentence was illegal as the Defendant never entered a plea of guilt as required by the terms of the plea agreement in the [Northern District of] Georgia case." (Doc. 200 at 3.) A defendant may not use a motion under the First Step Act to attack the legality of his sentence because, with exceptions not applicable here, "a motion to vacate [under 28 U.S.C. § 2255] is the exclusive mechanism for a federal prisoner to seek collateral relief." McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). To the extent Defendant asserts the alleged illegality of his sentence as a discretionary reason to reduce his sentence under the First Step Act, the Court is not persuaded.

Accordingly, Defendant Steven Eugene Passmore's "Motion for Early Release and/or Reduction of Sentence Under the Fair Sentencing Act and First Step Act" (Doc. 200) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of August, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel and parties of record

6